LOTTINGER, Judge.
This, and the companion suit bearing No.. 5682 of the docket of this Court, arose out of an intersection accident which occurred in the City of Baton Rouge on November 1, 1960. Just prior to the collision a vehicle owned and operated by a Mrs. Helouin and insured for liability and collision by State Farm Mutual Automobile Insurance Company was proceeding south on Beechwood Street and a vehicle owned and operated by' a Mr. Kemp insured against liability by Aetna Casualty and Surety Company was proceeding west on Evangeline Street approaching the intersection with Beechwood on which Mrs. Helouin was traveling. The Helouin vehicle was struck on its left side by the right front of the Kemp vehicle in the southwest corner of the intersection, then veered to its left and ran through a fence and into a house situated at the southeast corner of the intersection.
This suit was brought by American Central Insurance Company, the insurer of the damaged home. Defendants are State Farm, liability insurer of the Helouin vehicle, Aetna, liability insurer of the Kemp vehicle and Houston Fire and Casualty Insurance Company, liability insurer of a Mr. August G. Simmons, d/b/a Simmons Garage, it being alleged that both drivers were negligent and, in addition, that faulty work by Simmons caused brake failure on the Kemp vehicle which was a proximate cause of the accident. Suit No. 5682 was brought by State Farm as collision insurer of the Helouin vehicle against Kemp, his liability insurer Aetna and Houston as liability insurer of Simmons.
Judgment was rendered in favor of the plaintiff in each case in the amount prayed for, there being no dispute as to quantum, and against Houston Fire and Casualty Company as insurer of the Simmons Garage. The plaintiffs’ suits were dismissed as to all other defendants. A suspensive appeal was taken by Houston from each judgment and devolutive appeals were taken by American Central and State Farm. It is clear from both oral argument and briefs that the latter two appellants take no exception to the findings of the Trial Court but have appealed solely as a precautionary measure in the event this court should reverse the judgment as to the finding of liability on the part of defendant Houston as the insurer of Simmons.
There appears to be no dispute as to the following: Just a few hours prior to this accident Mr. Simmons had installed a new left exhaust pipe on Mr. Kemp’s automobile. The pipe was what is known as the *419 “flexible” or “universal” type and Simmons did not attach an additional bracket to hold it in such position so as not to be able to come into contact with the left rear wheel brake line. The car was driven only a few blocks before the collision.
As aforesaid, just before the accident, Mrs. Helouin was proceeding south on Beechwood and she stopped in obedience to a traffic signal at the intersection of that street and Evangeline Street. Almost immediately after coming to a stop she noticed the light change to green for traffic proceeding in her direction and at the same time noticed the Kemp vehicle approaching from her left in a westerly direction. She then proceeded forward from her stopped position into the intersection where she was struck by the Kemp vehicle.
There appears to be no dispute that Kemp was proceeding at a speed of something less than the limit of 30 mph in a westerly direction on Evangeline Street when he noticed the traffic signal for traffic going in his direction change from yellow to red. He applied his brakes only to have the brake pedal go all the way to the floor with no effect whatever. He applied his emergency brake but his car nevertheless continued into the intersection and struck that of Mrs. Helouin.
The investigating police were told by Mr. Kemp that he ran the light because of brake failure and their report noted defective brakes on his car.
It appears that immediately following the accident the Kemp vehicle was removed to the garage of a Mr. W. W. Perry. That same afternoon Mr. Perry, a mechanic with thirty years experience, inspected the Kemp car and found the left rear brake hose broken. Pie also found that the new tail pipe had been installed in such a manner that it rested directly on the brake line thus placing the whole weight of the car on the hose. It was his opinion that as the tail pipe was the flexible type which does not get rigid until after they rust an additional clamp has to be used to hold it in place and in repairing the car he installed such an additional clamp.
The broken hose was introduced into evidence and Mr. Perry testified that the break was due to the application of pressure or weight rather than as the result of having been rubbed over a period of time. He found the hose to be otherwise in good shape. He testified that a broken brake line renders the brakes completely ineffective and allows the pedal to go all the way to the floor. To restore the 'brakes to proper working order, all he had to do was replace the broken hose, bleed the air out of the system and refill the system with brake fluid.
Mr.' Simmons testified that he installed the tail pipe on the morning of the accident. He stated that it was the flexible type and that he did not attach any additional bracket.
Counsel for Houston make much of the fact that one of the investigating police, Officer Sam Jacobs, testified that he found the brake pedal in an upright position after the accident and that he was unable to depress it. Mr. Simmons, however, testified that he could think of nothing that would cause the pedal to stay up unless the master cylinder would “freeze up” in which case it would have to be replaced. Such was obviously not the case here, however, in view of the testimony of Mr. Perry with respect to what was done to restore the braking system of the automobile.
Counsel for Houston also stress the fact that the investigating officer found no brake fluid in the vicinity of the collision. Mr. Perry, however, testified that where the brake pedal is depressed after the line has been broken all that is lost is perhaps one-eighth of a teacup or two tablespoons of fluid. Considering Mr. Kemp’s testimony that he attempted to apply his brake some two or three car lengths from the intersection, this small amount of fluid could well have been scattered and not discernible.
The Trial Judge found that the failure of the brake was due to the negligent in *420 stallation of the tail pipe by Mr. Simmons and the proximate cause of the accident. The finding is a factual one which we think is amply substantiated by the record.
For the reasons assigned the judgment appealed from is affirmed.
Judgment affirmed.